**Barrett v. Barrett**

*Joseph Solomon*, for plaintiff.

*Walter A. Kieler*, for defendant.

LAMOREE, J., January 30, 1948.—This matter is before the court on plaintiff's bill of complaint filed under the Act of May 10, 1927, P. L. 884, and defendant's answer thereto alleging new matter and plaintiff's answer thereto raising preliminary objections to defendant's new matter. Plaintiff and defendant were married on July 6, 1935, and acquired certain real estate situate in the City of New Castle on January 2, 1940, as tenants by the entireties. On January 17, 1947, plaintiff was granted a decree in divorce from defendant. On March 17, 1947, a certified copy of the decree in divorce was recorded in the Recorder's Office of Lawrence County, Pa. Plaintiff has not occupied the premises in question since September 30, 1946, defendant having remained in possession thereof and using the same for his own use since that date.

Complainant asks that an accounting be made for the rents, issues and profits arising from the property as well as for the appointment of a trustee to make pub-

lic sale of the premises and distribution of the proceeds derived therefrom.

On May 3, 1947, defendant filed an answer preliminarily objecting to complainant's bill. On September 24, 1947, defendant filed an additional answer and set forth certain new matter. Paragraphs 1 to 7 inclusive of the complaint are admitted in this answer and it is further admitted that the property in question is owned by the parties to this litigation as tenants by the entireties. The answer further states that complainant is not entitled to an accounting by reason of the fact that defendant was occupying the premises for his own use and that there were no profits arising from the property.

In the new matter defendant alleges that in July 1945 he purchased a $5,000 United States Government savings bond and had the same made out in the names of both plaintiff and himself. In June 1946 he purchased an additional bond for $5,000 and had it made out in the names of both plaintiff and himself. In September 1946 plaintiff, according to the new matter set forth in defendant's answer, removed all of the personal property including the bonds before mentioned from a safety deposit box in the Union Trust Company of New Castle, Pa., which was in the names of both plaintiff and defendant. Defendant asks that an injunction be granted requiring plaintiff to make a full and complete disclosure of the personal property removed from the said deposit box on September 30, 1946, and that plaintiff be enjoined from selling or disposing of the personal property removed from the safety deposit box.

Defendant further asks that a decree on the whole record be made and that a trustee be appointed to receive the personal assets taken from the safety deposit box and that he be empowered to make sale not only of the real estate in question but of the personalty as

well as to make distribution thereof in accordance with an order of court.

On October 22, 1947, plaintiff filed an answer preliminarily objecting to the new matter in defendant's answer. Plaintiff set forth therein that the court is without jurisdiction to hear or try the matters set forth in paragraphs 14 to 20 inclusive, of the new matter set forth in defendant's answer.

The Act of May 10, 1927, P. L. 884, 68 PS §§501 to 503 inclusive, under which complainant filed her bill reads as follows:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law.

"At the hearing on such suit both husband and wife shall be competent witnesses. The value of the property shall be proven by the testimony of at least two impartial and disinterested witnesses.

"If satisfied that the relief asked for is proper, the court of common pleas, sitting in equity, shall order a trustee to be appointed by the court to make public sale of said property. Said order shall provide that before making sale the trustee shall give bond in double the estimated value of the property, and shall advertise the same in one or more newspapers of general circulation in the community in which the property is located, and by handbills posted on the property and in other public places once a week for four consecutive weeks before the day of the sale. The order of sale shall be returnable as provided by rules of court, and, when confirmed, such sale shall have the same effect in

all respects as a public sale in proceedings in partition of real estate.

"In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified. The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the tenants by entireties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective tenants by entireties, together with any interest due thereon and docket costs, which shall be paid by the trustee appointed by the court to make sale of such property to the person or persons to whom the same is due and payable; and the amount of any liens entered of record against either of such tenants by entireties, together with interest due and costs taxed thereon, shall be deducted from the share of the tenant by entireties against whom such lien is filed, and paid by such trustee to the person or persons to whom the same is due and payable: Provided, however, that no decree of divorce as aforesaid shall be effective to change the existing law relating to liens upon property held by tenants by the entireties, except a decree of divorce that is valid in this Commonwealth, and not until the said decree of divorce, or a certified copy thereof, shall be recorded in the office of the recorder of deeds of the county where the property is situate, which decree shall be indexed in the grantor's index against each of the said tenants by the entireties.

"If the whereabouts of the defendant is unknown, his or her share shall be paid into court, to be disposed of according to law under the direction of the court.

"If property held by tenants by entireties, sought to be sold under the provisions of this act, is located in more than one county, proceedings may be had in any county where any of such land is located: Provided, that in such cases all advertising required by this act shall be done in each county where any portion of such land is located, and a certified copy of the record shall be filed in the office of the prothonotary of each of such counties, and shall be received in evidence with like effect as the records of the court where filed."

The question before us is, whether in a proceeding drawn under the above act defendant in his answer may set forth new matter which raises the question of ownership and title to personal property. Defendant contends that the court within the scope of its equitable powers, would have the right to adjudicate the ownership of the personal property as well as to appoint a trustee for the purpose of offering the real estate in question at public sale and to make distribution of the proceeds derived therefrom between plaintiff and defendant.

In the 1st and 2nd sections of the act it will be noted that the word "property" alone is used. Defendant contends that this includes personal as well as real property. However, it is also to be noted that in section 4 of the act the word "land" is used in the first sentence of that paragraph and this strongly indicates that the legislature had real property alone in mind when the entire act was drawn.

The new matter set forth in defendant's answer raises separate and distinct questions of fact. Our examination of section 3 of the act leads us to the conclusion that the purpose of the act was to avoid issues of fact such as are raised in this case by the new matter set forth by defendant. We believe the word "conclusively" is used with the intent of putting to an end the raising of such issues of fact, otherwise the word is

meaningless: Heffelfinger v. Heffelfinger, 43 Dauph. 230.

Plaintiff's preliminary objections to defendant's new matter must be sustained and we are accordingly making the following.

*Order*

Now, January 30, 1948, plaintiff's preliminary objections to new matter contained in defendant's answer are sustained and it is ordered and directed that plaintiff be permitted to go forward with her testimony in this action in pursuance to the Act of May 10, 1927, P. L. 884, 68 PS §§501-504, inclusive.

EDITOR'S NOTE.—But see Wells v. Brown, 61 D. & C. 511.